UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 97-50759
Summary Calendar

JAMES JERRY SMITH,
Executor of Estate of John Terry Smith,

Plaintiff-Appellant,

VERSUS

MARTIN PRAGER, ET AL.,

Defendants,

MARTIN PRAGER,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(A-93-CV-772)

July 23, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges

PER CURIAM:[1]

James Jerry Smith, in his capacity as the executor of the

estate of John Terry Smith, filed this pro se, civil action

against several officers of BPR Grouting and Engineering, Inc.

(BPR).  He alleged that Martin Prager, the president of BPR, and

M. Smith Townsend, the vice-president, breached their fiduciary

---

[1] Under 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except in
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

duties[2] under the Employee Profit Sharing Plan and Trust. The parties consented to proceed before the magistrate judge (MJ). Following a bench trial, the MJ ruled in favor of the defendants. Smith appeals.

## I.

First, Smith argues that he "was not allowed to argue [his] case based upon Exhibits P-83, P-84[,] and P-85 because [he] was told by the Court that these exhibits were not part of the record and not qualified for use in [his] argument."  These exhibits were conditionally admitted by the court, subject to being authenticated by Prager.  The MJ instructed Smith, at length, on how to authenticate this evidence as required by Fed. R. Evid. 901.  Smith did not attempt to authenticate the evidence, however.  The MJ did not abuse his discretion in excluding these exhibits.[3]

## II.

Next, Smith argues that the MJ erred in finding that a distribution of plan benefits was made in December 1988.[4]  Smith argues that there was conflicting evidence with regard to when

---

[2]     29 U.S.C. §§ 801-1500.

[3]     *United States v. Scurlock*, 52 F.3d 531, 538 (5th Cir. 1995).

[4]     We review findings of fact for clear error and legal issues de novo.  FDIC v. McFarland, 33 F.3d 532, 536 (5th Cir. 1994); Fed. R. Civ. P. 52(a).  A factual finding is clearly erroneous "when, although there is enough evidence to support it, the reviewing court is left with a firm and definite conviction that a mistake has been committed."  United States v. Bermea, 30 F.3d 1539, 1575 (5th Cir. 1994).

the plan terminated and there was no evidence that any distribution in the form of stock or otherwise was ever made.

In his affidavit, Prager swore that on or about January 18, 1989, "payment to the plaintiff of the full sum of all amounts due Plaintiff" was made. On the following page, Prager stated that "[o]n or about the distribution date of February 7, 1989, John T. Smith's balance in the Plan of $36,142.37 was distributed in the form of 1292 shares of Luna Realty stock."

Susan E. Fenner, a lawyer who advised BPR concerning the ERISA plan, also testified at the trial. She stated that a "net distribution [was] made to each of the former participants," including Smith's brother.

Based upon this evidence, the MJ determined that a distribution of plan benefits was made when the plan was terminated in December 1988. Although there may be some uncertainty as to when the distribution occurred, the fact remains that the evidence presented at trial supports the MJ's finding that a distribution did in fact occur.

## III.

Smith also argues that Fenner offered perjured testimony. Smith maintains that no "final 5500 report was filed for the Plan," thus showing that the plan was never terminated. He also states that he has "a copy of the Form 5500 which was filed in 1989 and it was not a notification of termination for the plan but rather a registration of the plan again." Smith failed to present this evidence in the district court. We do not consider

3

the evidence on appeal.  See Leonard v. Dixie Well Serv. & Supply Inc., 828 F.2d 291, 296 (5th Cir. 1987).

IV.

Next, Smith argues that the MJ erred in finding that Prager did not breach his fiduciary duty to the plan by engaging in a prohibited transaction with plan assets and by borrowing money from the plan.[5]  He further avers that the MJ erred in finding that any loss incurred by the pension plan as a result of a prohibited transaction was reimbursed to the plan from Prager's individual interest.  Apart from arguing that the MJ erred in making the above factual findings and legal conclusions, Smith has failed to show that the MJ's determinations were erroneous.

Under § 1104(a)(1), plan fiduciaries have a duty to act "solely in the interest" of the plan participants and beneficiaries.  To prevail on a claim of breach of fiduciary duty as described in § 1104, an ERISA plaintiff must prove a prima facie case of loss to the plan.  McDonald v. Provident Idem. Life Ins. Co., 60 F.3d 234, 237 (5th Cir. 1995).

Fenner testified that there was no breach of fiduciary obligation on the part of Prager.  She further testified that although Prager had engaged in a prohibited transaction, the problem was corrected once it was brought to the attention of the trustees.  Fenner stated that even though the trustees had

---

[5]  The MJ never reached the issue whether Prager breached his fiduciary duties as a result of the prohibited transaction, finding that Smith had failed to show that the plan sustained a loss as a result of the prohibited transaction.  R. 3, 809.

4

engaged in a prohibited lease transaction with BPR, it was not unlawful and did not constitute a breach of the trustees' fiduciary duties.

Fenner further testified that the proposed plan for termination and distribution of plan benefits, i.e., issuing shares of stock in Luna Realty, was not prohibited by ERISA and did not represent a breach of the trustees' fiduciary duties. She also stated that there was nothing inherently improper in Prager, as a participant in the plan, taking out a loan against his interest in the plan.

Finally, Fenner testified that Prager's distribution that he received upon termination of the plan was reduced by the outstanding lease-payment receivable and the interest thereon. She stated that there was nothing illegal or improper about Prager taking a deduction in his distribution to cover the lease-payment receivable. Fenner testified that John Terry Smith's "share [did not] get charged with any of the accrued rent owed to the profit sharing plan." Fenner stated that Prager absorbed the cost of the prohibited lease-payment transaction and the related excise tax. Smith failed to present any admissible evidence to refute Fenner's testimony. The MJ chose to credit the testimony of Fenner. We do not disturb that credibility determination on appeal. Anderson v. City of Bessemer, 470 U.S. 564, 573-74 (1985). The MJ's findings are not clearly erroneous.

5

V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.